# FOR PUBLICATION



FILED
Jan 23 2013, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANTS:

**JAMES O. WAANDERS**
Indianapolis, Indiana

**DONALD J. STUCKEY**
Auburn, Indiana

ATTORNEY FOR APPELLEE
SPRINGFIELD ENTERPRISES, INC.:

**STEPHEN J. HARANTS**
Miller & Harants
New Haven, Indiana

ATTORNEYS FOR APPELLEE J.
LAURIE COMMERCIAL FLOORS, LLC:

**JEREMY J. GROGG**
Burt, Blee, Dixon, Sutton & Bloom, LLP
Fort Wayne, Indiana

**EDMUND P. KOS**
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE JM
WOODWORKING COMPANY:

**W. ERIK WEBER**
Mefford, Weber and Blythe, PC
Auburn, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FRED C. FEITLER, MARY ANNA FEITLER, and THE FEITLER FAMILY TRUST, | ) | |
| | ) | |
| Appellants/Defendants/Counterclaim Defendants/Cross-Claim Defendants, | ) | |
| | ) | |
| vs. | ) | No. 17A04-1206-PL-297 |
| | ) | |
| SPRINGFIELD ENTERPRISES, INC., | ) | |

|  |  |
|---|---|
| Appellee/Plaintiff/Counterclaim Defendant/Cross-Claim Defendant, | ) ) ) ) |
| J. LAURIE COMMERCIAL FLOORS, LLC, d/b/a JACK LAURIES FLOOR DESIGNS, | ) ) ) |
| Appellee/Counterclaim Plaintiff/ Cross-Claim Plaintiff/Third-Party Plaintiff/Cross-Claim Defendant, | ) ) ) ) ) |
| and | ) ) |
| JM WOODWORKING COMPANY, | ) ) |
| Appellee/Third-Party Defendant/ Cross-Claim Plaintiff. | ) ) ) |

APPEAL FROM THE DeKALB SUPERIOR COURT
The Honorable Kevin P. Wallace, Judge
Cause No. 17D01-1003-PL-10

**January 23, 2013**

**OPINION ON REHEARING - FOR PUBLICATION**

**BRADFORD, Judge**

In our original opinion in this case, we concluded, *inter alia*, that the trial court erred in concluding that Appellee JM Woodworking could hold a mechanic's lien against the property of Appellants. JM failed to issue a pre-lien notice, which we concluded it was required to do if it wished to hold a mechanic's lien. JM now seeks rehearing, and we grant for the limited purpose of revising our previous disposition of this question. JM contends, and Appellants concede, that a pre-lien notice is required only if work is provided to

someone "other than the owner or the owner's legal representatives[.]" Indiana Code § 32-28-3-1(i). Having already concluded that the undisputed designated evidence established that JM entered into a separate agreement with the Feitlers and that the Feitlers are "owners" within the meaning of the mechanic's lien statute, we now conclude that JM was not required to issue a pre-lien notice in order to hold a mechanic's lien, and therefore now affirm the trial court on this point. That said, we also deny Appellee J. Laurie's rehearing petition in full and reaffirm our original opinion in all other respects.

ROBB, C.J., and BAKER, J., concur.